

U.S. Department of Justice

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| *Tobara Richardson* | *Dirksen Federal Courthouse* | *Direct Line: (312) 469-6305* |
| *Assistant United States Attorney* | *219 South Dearborn Street, Fifth Floor* | *E-mail: Tobara.Richardson@usdoj.gov* |
| | *Chicago, IL 60604* | |

April 11, 2018

Patrick Blegen
Blegen & Garvey
53 W. Jackson Blvd., Ste. 1437
Chicago, IL 60604

      Re:    <u>*United States v. Edward J. Gremo, Jr.*, 16 CR 84 (Blakey, J.).</u>

Dear Patrick:

      In light of your request for more details concerning the opinions to be proffered by the expert witnesses in this case, please accept this supplement to the expert disclosure letters previously served upon you. Please note that this is not meant to be comprehensive nor to limit the testimony of either expert witness. It is tendered to you in an attempt to address the concerns you raised with AUSAs Kinney and Richardson during a phone call on Tuesday, April 10, 2018. Please note that much of this material is simply background factual evidence in the case.

      I anticipate that Adam Brief and Gina Krol, if queried, may opine during their testimony that, based upon bankruptcy practice and procedure:

      1. In the context of bankruptcy practice and procedure, there is no independent review or verification by the bankruptcy court of a claim filed by a creditor at the time that he files the claim. Instead, the bankruptcy process and proceedings rely upon the honesty of the debtor in possession and honesty of the creditor for the accuracy of the claim. Bankruptcy rules require that claims attach documentation for their claim, if there is such, and claims are filed subject to perjury.

      2. Bankruptcy cases are commenced by a filing of a petition in bankruptcy with schedules and statements that list the assets, debts, creditors and other matters relating to the financial affairs of the debtor. The debtor's assets are known as the bankruptcy estate. Bankruptcy present two significant advantages to the debtor – the automatic stay, which stops collection activities by creditors, including foreclosure, and discharge, which resolves the claims of creditors and frees debtors from most of their debts.

      3. There are different types of bankruptcy: Chapter 7, which is a liquidation, Chapter 9 that is a municipal bankruptcy, Chapter 11, which is a reorganization, Chapter 12 for family farms and fisheries, and chapter 13, which is a "wage earner" plan for reorganization. As

1

pertains to this case, there are important differences in the procedures and outcomes in the Chapter 7, Chapter 11 and Chapter 13 bankruptcies. Most notably, in a Chapter 7 and 13 bankruptcy, a trustee administers and monitors the bankruptcy. In most chapter 11 bankruptcy cases, there is no trustee. The trustee owes a fiduciary duty to the bankruptcy estate and all creditors of the estate. The trustee will evaluate the merits of claims against the bankruptcy estate and is required by statute to object to claims which lack merit.

4. In most chapter 11 bankruptcy cases, there is no trustee. Instead, the role of the trustee is filled by the debtor in possession. The debtor in possession has the same fiduciary duty as does the trustee in a Chapter 7. In this case, Susan Marie Gremo is the debtor in possession and owed a fiduciary duty to the bankruptcy estate, including the obligation to challenge frivolous claims.

5. The largest creditor in the Gremo case was her husband, Edward Gremo Junior who filed a claim totaling $3,240,000.

6. When Susan Gremo filed her bankruptcy petition, the automatic stay went into effect and a foreclosure action against the Plante realty in state court was stopped.

7. The first claim filed by Mr. Gremo was defective because it failed to include any attachments to explain the basis for his claim to the Susan Gremo bankruptcy estate.

8. Mr. Gremo filed a second claim that included approximately 100 pages of documents to substantiate his claim of $3,240,000, which he asserted, was partially secured and unsecured.

9. A secured debt is a debt that has been secured through a lien collateral of the estate

10. Secured interests are "perfected" by recording which gives public notice. In the case of real estate, secured interests are recorded with the County Recorder. A secured interest in real estate is verified by examining a title search of the property.

11. In bankruptcy practice and procedure, a secured interest will trump an unsecured interest. In other words, the secured interest gets paid first.

12. Mr. Gremo's claim includes a real estate comparative market analysis ("CMA"). In bankruptcy practice and procedure, a CMA does not create any type of debt, secured or unsecured, against the bankruptcy estate.

13. There is a document called a plea of abatement attached to the claim. There is no plea of abatement in bankruptcy practice. Based upon Mr. Gremo's testimony, it appears that he mailed the document, the plea of abatement, to creditors, and upon their failure to respond to it, Mr. Gremo claims ING Bank's mortgage was eliminated, and that he received a judgment of millions of dollars against the creditors. In bankruptcy practice and procedure, there is no such thing as a plea of abatement, and sending a demand to a creditor, which they ignore, does not

create a secured or unsecured interest in bankruptcy, or deprive a creditor of their secured interest.

14. There is a land patent, which appears to be from 1846, and signed by President Polk – it does not appear to reference the Plante property. In bankruptcy practice and procedure, an 1846 land patent does not create a secured or unsecured interest in the bankruptcy estate and this 1846 land patent, which does not reference the Plante property or Mr. Gremo, does not create any type of secured or unsecured interest in the Susan Gremo estate.

15. There is a quitclaim deed from Mr. Gremo ( Edward J. Gremo Jr. an en legis) to himself (Edward Joseph Gremo (a living man)). Based upon bankruptcy practice and procedure, deeding yourself a quitclaim deed to property in which you held no interest does not undermine a prior secured interest filed by a creditor, nor create any interest in a bankruptcy estate.

16. Mr. Gremo's testimony at a July 6, 2011 bankruptcy hearing indicates that he held his own court and entered a *nihil dicit* judgment against various creditors. Under bankruptcy practice and procedure, a creditor does not hold their own Court in common law, and render judgments against other creditors. Any such procedure would not create a secured or unsecured interest in Susan Gremo's bankruptcy estate under bankruptcy law.

17. Based upon bankruptcy practice and procedure, and based upon the documents filed by Mr. Gremo, and his testimony on July 6, 2018, there was no enforceable interest, secured or unsecured, which he possessed against the Susan Gremo bankruptcy estate.

Very truly yours,

JOHN S. LAUSCH
United States Attorney

By: /s *Tobara Richardson*
Tobara S. Richardson
Terry M. Kinney
Assistant United States Attorneys