IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 CR 84 |
| | ) | Judge John Robert Blakey |
| EDWRD J. GREMO, JR. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT OF ACQUITTAL
AT THE CLOSE OF THE GOVERNMENT'S EVIDENCE**

Defendant, **EDWARD J. GREMO, JR.**, by and through his attorneys, **BLEGEN & GARVEY**, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, respectfully moves this Court for a judgment of acquittal at the close of the government's evidence on the basis that no rational trier of fact could find him guilty of knowingly and fraudulently submitting a false claim for proof in the manner alleged in the indictment and bill of particulars beyond a reasonable doubt.

**I.  Standard under Rule 29**

As the Court well knows, Rule 29 requires the entry of a judgment of acquittal where "after viewing the evidence in the light most favorable to the United States, the trial court finds that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). While this is an undoubtedly difficult standard to meet, a defendant challenging the sufficiency of the evidence is "not required ... to demonstrate that no evidence at all supports the conviction," but rather only that the evidence does not support a finding of guilt beyond a reasonable doubt. *United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994). The Supreme Court has also explained that while a

"mere modicum" of evidence may satisfy a "no evidence" standard; it could not by itself rationally support a conviction beyond a reasonable doubt. *Id.*, *citing*, Jackson, 443 U.S. at 320. Thus, even though the evidence is viewed in the light most favorable to the government, the requirement of proof beyond a reasonable doubt still applies on a Rule 29 motion.

Circumstantial evidence can, of course, be considered on a Rule 29 motion. However, "a conviction cannot rest on mere speculation or conjecture." *United States v. Pinckney*, 85 F.3d 4, 7 (2d Cir.1996). And, "[w]here the evidence as to an element of a crime is equally consistent with a theory of innocence as a theory of guilt, that evidence necessarily fails to establish guilt beyond a reasonable doubt." *United States v. Harris*, 942 F.2d 1125, 1129-30 (7th Cir.1991), *quoting*, *United States v. Delay*, 440 F.2d 566 (7th Cir.1971).[1]

**II.     Argument**

For purposes of this rule 29 motion, the defense submits that the critical question, and area where the government's proof fails, relates to the requirement that the government prove Mr. Gremo presented a knowingly false proof of claim. And, because there is a bill of particulars in this case, the alleged falsity is clearly defined, "[w]ith respect to Count Two, at trial the government will prove that defendant falsely represented that he was a creditor, who had a $3,240,000 claim against the debtor, Susan-Marie Gremo, of which $450,000 was secured by the debtor's property." (Govt's Bill of Particulars, Docket 57, p. 5)

The defense respectfully submits that no rational trier of fact could find that Mr. Gremo knowing presented the identified false claim, even viewing the evidence in the light most

---

[1] Even where the government claims that overwhelming circumstantial evidence demonstrates a particular element, the Seventh Circuit has indicated that a judgment of acquittal is correctly granted where evidence of that key element is missing. *See*, *United States v. Murphy*, 406 F.3d 857, 861-862 (7th Cir. 2005).

favorable to the government. The government's own evidence makes this clear. The government's first exhibit, Government Exhibit Bankruptcy Petition, lists the $3,240,000 as personal property of the husband "H" of the debtor, and lists, under the heading "Description and Location of Property" the following, "Judgment in Common Law Abatement(s) for INC Bank, N.A.; and Harris Bank N.A." The government's very last exhibit, Government Exhibit Bankruptcy Plan states, "I request that set-off of common law lien claim and the $3,240,000.00 Judgment against the bank be used to avoid such payments completely and to discharge debt." Both of those exhibits were filed in the bankruptcy case *prior* to the submission of the amended claim that is charged in the indictment.[2] These documents, without relying on any cross-examination, or defense argument, demonstrate unequivocally whom Mr. Gremo was asserting owed him $3,240,000 – the bank and not his wife. The attachments to the Proof of Claim likewise demonstrate that Mr. Gremo was asserting the bank and not his wife owed him the money. The attachments include documents purporting to show that the plea in abatement, default notice, etc, were served on the bank. No reference to serving the documents on Mr. Gremo's wife are attached. Lastly, after the Proof of Claim was submitted, Mr. Gremo testified about it in a bankruptcy hearing. The very first time he was asked if his wife owed him money, he responded that she did not. He testified, of course, that the bank owed him the money. He maintained that position thereafter. (Govt Exhibit Bankruptcy Transcript p. 58, *et seq.*)

  As far as counsel can determine, the only piece of evidence even suggesting the contrary; *i.e.* that his wife owed him $3,240,000, is one portion of the face of the proof of claim itself. Under a heading entitled, "Name of Creditor (the person or other entity to whom the debtor owes

---

[2] The bankruptcy petition was, of course, filed even before the original claim that was later amended.

money or property):" Mr. Gremo listed himself.  Placing his name in that box, in light of the other unequivocal evidence both before and after the filing of the proof of claim, quite simply cannot subject Mr. Gremo to conviction for a federal crime.  It is the very definition of a "mere modicum" of evidence.  Even that modicum of evidence is significantly undercut where other references on the face of the Proof of Claim and in the attachments to the Proof of Claim, indicate that it is the bank, not his wife, that owes Mr. Gemo the money.[3]  Even if his name in that one box could amount to a "tie" in the evidence (it does not because there is more evidence to the contrary and that evidence is unequivocal) the case law set forth above indicates that the Rule 29 motion should be granted.

      The requirement of proof beyond a reasonable doubt applies in a Rule 29 context, and when applied here leads to the conclusion that no rationale juror could convict, even viewing the evidence in the light most favorable to the government.  Mr. Gremo's Proof of Claim did not falsely assert that his wife owed him $3,240,000; it asserted the bank owed him that money.  The evidence on this question is not particularly close.

---

[3] The references to "Abatement, Common Law, Commercial Lien," and "Default, Nihil Dicit Judgment" on the face of the claim all refer to attached documents that were delivered to the bank, not to Mr. Gremo's wife.

WHEREFORE, for all of the foregoing reasons, the defense respectfully requests that this Court grant the motion pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure.

                                                Respectfully submitted,

                                                **s/ Patrick W. Blegen**
                                                **PATRICK W. BLEGEN**, One of the Attorneys for Defendant, Edward J. Gremo, Jr.

Blegen & Garvey
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100